IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES TURNER,

                Plaintiff,

  v.

GARY HAMBLIN, MEISNER MICHAEL,
COLE CHARLES, FACKTOR CHARLES,
JOANNE LANE, TIM DOUMA,
KIESLING DIANA, TESLIK MARK
and CAMBELL,

                Defendants.

ORDER

12-cv-699-bbc

---

    Plaintiff James Turner, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. He requests leave to proceed *in forma pauperis*. In a letter accompanying the complaint, plaintiff says that he does not have the funds in his regular account to pay for a copy of his six-month trust fund account statement. Plaintiff asks the court to order the institution to take money from his release account to pay for a copy of the trust fund account statement and to use money in his release account to pay the $350 filing fee. Unfortunately, the court cannot order plaintiff's release account funds to be used in the manner in which he requests.

    The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, this court does not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds as he requests, I will deny his motion. If plaintiff does not have the funds in his regular account in order to obtain a copy of his trust fund account statement he may wish to apply for a legal loan.

Plaintiff's complaint was submitted on September 21, 2012. His trust fund account statement should cover the six-month period beginning approximately March 21, 2012 and ending approximately September 21, 2012. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

For plaintiff's information, after he has submitted his trust fund account statement and an initial partial payment has been assessed, if plaintiff can show that sufficient funds do not exist in his regular account to pay the assessed amount, plaintiff should be allowed to use his release account funds to pay some or all of the initial partial payment. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that plaintiff James Turner may have until October 22, 2012, in which to submit a certified copy of his trust fund account statement for the period beginning approximately March 21, 2012 and ending approximately September 21, 2012. If, by October 22, 2012, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 26th day of September, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge