IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES TURNER,

                                                         ORDER

                Plaintiffs,

                                                  12-cv-699-bbc

     v.

GARY HAMBLIN, MICHAEL MEISNER,
CHARLES COLE, CHARLES FACKTOR,
JOANNE LANE, TIM DOUMA, DIANA KIESLING,
MARK TESLIK, CAMPBELL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner James Turner is proceeding on a claim that various prison officials violated his rights by canceling Jumuah and Talim services when no volunteer from outside the prison was available to lead the services. Now plaintiff has filed a document in which he says that the "business office has cancelled [his] legal loan for no reason." He asks the court to "investigate . . . the problem with [his] legal loan." In addition, he asks the court to order defendants to produce documents with Bates nos. 165-272. Dkt. #30. I am denying both requests.

      With respect to his legal loan, plaintiff does not cite any evidence in support of an allegation that his legal loan has been "cancelled" and he does not allege that prison officials have refused to provide him any legal materials on the ground that he has exceeded his legal loan. In their response to plaintiff's motion, defendants cite documents showing that

plaintiff still has an available balance on his loan. Dkt. #32. Accordingly, this part of plaintiff's motion is premature.

With respect to his document request, plaintiff does not say what the documents are, so I cannot determine whether he is entitled to them under the Federal Rules of Civil Procedure. In fact, plaintiff does not even allege expressly that defendants have refused to provide the documents. In their response, defendants say that the requested documents are copies of log book entries showing when Islamic services were canceled. Although they say that plaintiff is free to view the log entries whenever he wishes, they also say that there is no need to present them to the court because defendants already admitted in their answer that they canceled services whenever the volunteer was not available. Dkt. #31 at 2 n.1 (citing Answer, dkt. #21). Because that is the only type of cancellation relevant to plaintiff's claim, I agree with defendants that it makes little sense for plaintiff to use his scarce resources to make additional copies of those log entries. This is confirmed by the motion for summary judgment that defendants filed on September 30. In that motion, defendants do not question whether services were canceled; rather, the question raised by their motion is whether the decision to cancel services was lawful. Dkt. #40. In preparing his response to defendants' motion, plaintiff should focus on the evidence and argument related to that question.

ORDER

IT IS ORDERED that plaintiff James Turner's requests to enlarge his legal loan and

compel defendants to product documents, dkt. #30, are DENIED.

Entered this 9th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge