IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES TURNER,

                Plaintiffs,

v.

GARY HAMBLIN, *et al.*,

                Defendants.

ORDER

12-cv-699-bbc

---

Pro se prisoner James Turner is proceeding on a claim that various prison officials violated his rights by canceling Jumuah and Talim services when no volunteer from outside the prison was available to lead the services. Defendants have filed a motion for summary judgment, and plaintiff's already extended deadline for his response is November 8, 2013. Now before the court is plaintiff's last-minute motion for a temporary restraining order directing prison officials to return documents to plaintiff's jailhouse lawyer, Rufus West (also known as Mansa Lutalo Iyapo). West has his own religious practices case before this court, 11-cv-687-slc, and apparently plaintiff and West's claims overlap significantly, as both are Muslim inmates bringing claims regarding the denial of group services without the presence of a Muslim volunteer. Plaintiff seems to be saying that he and West have pooled legal materials and much of what West has prepared in his case will be useful in plaintiff's case. (I note that earlier today, November 8, 2013, I granted the defendants' motion for summary judgment in Case No. 11-cv-687).

"An equitable, interlocutory form of relief, 'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). Plaintiff falls far short of this high standard; he provides extremely little information about what particular documents he needs to respond to defendants' proposed findings of fact, and coming as late as it does, plaintiff's motion smacks of an attempt to delay proceedings.

Plaintiff states that the confiscation of West's materials took place shortly after West filed a motion for summary judgment, in *July 2013*. (Further, there is some dispute whether the state actually took West's legal materials, but that's beside the point at this late date). Plaintiff attempts to deflect blame for his failure to file his present motion until three days before his already-extended summary judgment response deadline by stating that he expected a court ruling on West's similar motion in his case, but this is no excuse. As much as plaintiff would like to try to tie his and West's cases together, they are separate cases proceeding under different schedules. It was plaintiff's job to file a detailed motion well before the last minute, which he did not do. Accordingly, I will deny the motion, although I will provide plaintiff 10 extra days to submit his summary judgment response. In addition, I will attach to this order a copy of defendants' summary judgment materials, as well as a copy of the court's summary judgment order in West's law.

ORDER

IT IS ORDERED that plaintiff James Turner's motion for temporary restraining order, dkt. 44, is DENIED. Plaintiff's deadline to respond to defendants' motion for summary judgment is extended to November 18, 2013.

Entered this 8th day of November, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge